

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Dear Sir:                  Attention:  Mr. Chas. E. Baughman

                             Opinion No. O-4059
                             Re:  Questions relative to the Citrus
                                    Bonding and Licensing Law,
                                    House Bill No. 99, Acts of the
                                    45th Legislature, 1935, and
                                    amendments thereto.

       Your letter requesting the opinion of this department on the questions submitted in a letter by Mr. C. E. McCormick, Director, Bonding and Licensing Division, reads as follows:

       "Herewith series of questions submitted over the signature of Mr. C. E. McCormick, Director Bonding and Licensing Division.

       "When your opinion is ready on this, will you please furnish this Department with the original and one carbon copy so that we may forward the original to Mr. McCormick, and complete our files with the copy."

       The above mentioned letter of Mr. McCormick reads as follows:

       "The Citrus Bonding and Licensing Law is House Bill No. 99, Acts of the 45th Legislature, and as amended. Therein, among other things, it is required that any person authorized by any dealer to act for said dealer in the transporting of citrus fruit be in violation of the Act unless an application is made to the Commissioner of Agriculture on form prescribed by him by a duly licensed dealer, under the Act, for a transporting agent's identification card for such transporter. A transporting agent is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

specifically defined in the Act under sub-
section (g) of section (1).

"Herewith mimeographed application for
the issuance of 'Transporting Agent' Identi-
fication Cards, numbered with ink in the left
hand top corner, 796, and the agent's iden-
tification card, printed number, 796 in the
right hand corner. These forms have been
used under pertinent provisions of the Act by
the Commissioner of Agriculture during the
past three years with no complaint or liti-
gation. Recently, we have had complaints
from two worth while dealers, licensed under
provisions of the law, in that they do not
want to use or sign the application for trans-
porting agents identification cards, above
referred to, or use this card. They claim
that such application and card subjects them
to liability for the torts of the transport-
ing agent and would probably subject them to
the Social Security Laws and Workmen Compen-
sation Laws for such transporting agents, and
that it would probably not only make them
liable for the transporting agents, but for
the harvesters of the citrus fruit as well.

"In most all instances, the transporting
agents of citrus fruit from the orchard to
the dealer's packing shed have independent
contracts with the dealers. The dealer mere-
ly pays the transporting agent so much per
field box or per ton as agreed upon between
them for the delivery of the citrus fruit
from the grove to the dealer's shed, and in
practically all instances, the transporting
agent is not an employee of the dealer, but
works under a hauling contract, and sometimes
the employees harvesting the fruit are em-
ployees working for the transporting agent
and are not employees of the dealer. In other
cases, the transporting agent, as well as the
harvesters of the citrus fruit, are employed
by another individual, which individual would
have a harvesting and transporting contract
with the dealer, charging the dealer so much

per field box or ton for the harvesting and delivery of the citrus fruit to the dealer's packing shed.

"We are also enclosing copy of proposed application for issuance of transporting agent contractor identification cards and copy of proposed transporting agent contractor $1.00 card presented to us for use, each marked No. 1, and another proposed application form, presented to us for use for application for issuance of transporting contractor identification cards and transporting contractor $1.00 card, each marked No. 2, and proposed form for application for issuance of 'transporting agent' identification cards and transporting agent $1.00 card, each marked No. 3.

"Question 1: Would the use of the application for issuance of transporting agents identification cards and the use of transporting agent $1.00 card, each numbered 794, subject or make the application for such liable for the torts of the transporting agents for whom the cards were applied, and would such subject the applicant to the Social Security Laws and the Workmen Compensation Laws for such transporting agent or harvesters of citrus fruit, or under the facts, as given, would the transporting agent be an independent contractor, and in this event would the dealer who applied for the transporting agents cards be liable for such transporting agents torts?

"Question 2: Should you answer 'question 1' in the affirmative, please, if the law will allow, change or rewrite the application for issuance of transporting agents identification cards and the transporting agent card above referred to so that same would not subject the applicant to liability beyond the specific liability of the law. How far does the law go in making the applicant responsible for the acts of the transporting agents?

"Question 3:   Does the wording of the proposed application for issuance of transporting agent contractor identification cards and the reading of the proposed card, each marked No. 1, conform with the law?

"Question 4:   Would the application for issuance of transporting contractor identification cards and the reading of the proposed card, each marked No. 2, be in conformity with the law?

"Question 5:   Would the proposed application for issuance of transporting agent identification cards and the reading of the proposed card, each marked, No. 3, be in conformity with the law?"

House Bill No. 99, supra, and the amendments thereto are set out in Vernon's Annotated Civil Statutes as Article 118b.

The first two questions, as quoted above, involve matters that would naturally arise between private parties, and are such that the State has no primary concern. Therefore, this department cannot properly pass upon these questions.

Subsection g of section 1, Article 118b, supra, defines the term "transporting agent" as follows:

"'Transporting agent' shall mean any person authorized by any dealer to act for said dealer in the transporting of citrus fruit."

Section 12 of the above mentioned article reads in part:

".  .  .  Upon application to the Commissioner (Commissioner means the Commissioner of Agriculture of the State of Texas.) by any licensed dealer, a reasonable number of 'buying agent' and 'transporting agent' identification cards may be issued and accredited to such dealer, under such rules and regulations as said Commissioner may prescribe, and said Commissioner is hereby empowered to charge

a fee not to exceed One Dollar ($1) for each
card so issued:

"(a) Such cards shall bear the name of
the licensee, dealer, and the number of his
license, also the name of the dealer's agent,
and shall state thereon that said licensed
dealer, as the principal, has authorized the
agent named on the card, the holder thereof,
to act for and on behalf of said principal,
either as 'Buying agent' or as 'transporting
agent' as above defined. 'Buying agent'
identification cards shall be of a different
color from 'transporting agent' cards. Such
identification cards shall be at all times
carried upon the persons of such agents who
shall, upon demand, display such cards to the
Commissioner or his agents or representatives,
or to any person with whom said agent may be
transacting business under this Act.

"(b) If and when the holder of any iden-
tification card ceases to be the agent of the
dealer by whom he was employed, it shall be
the duty of said agent to return immediately
such agent's card to the Commissioner for can-
cellation and failure to do shall constitute
a violation of this Act."

You have submitted three proposed application forms
for the issuance of transporting agents' cards and a like
number of proposed cards. You have also submitted with your
inquiry the application form used in connection with the issu-
ance of transporting agents' identification cards and the
identification card that is now being used.

It will be noted that the statute does not prescribe
any particular form to be used in making an application for a
"buying agent" and "transporting agent" identification cards.
However, the statute does require that the above mentioned
cards shall bear the name of the licensee, dealer and the
number of his license, also the name of the dealer's agent,
and shall state thereon that said licensed dealer, as prin-
cipal, has authorized the agent named on the card, the holder
thereof, to act for and on behalf of said principal, either
as a buying agent or as a transporting agent as above defined.

The statute further provides that buying agent identification cards shall be a different color from transporting agent cards. The proposed forms Nos. 1 and 2, submitted with your inquiry, show that the applications are for the issuance of transporting contractor identification cards under the provisions of House Bill No. 99 and House Bill No. 557, and any amendments thereto. After carefully reading the statute, we fail to find any provision thereof authorizing any application for issuance of transporting contractor identification cards. The same can be said with reference to transporting contractor identification cards. The proposed form No. 3 is similar to the above mentioned proposed forms except that form No. 3 shows that the application is for the issuance of transporting agent identification cards under provisions of House Bill No. 99 and House Bill No. 557 and any amendments thereto. However, the application (No. 3) shows on its face to be an application for the issuance of a transporting agent's identification card and the card shows on its face that it is a transporting agent's identification card. But the application contains the following sentence:

"The actual relation between applicant and said persons, acting as transporting agents, is controlled by contract between them, and applicant represents that this contract cannot be in violation of the laws of the State of Texas."

The card proposed to be issued under this application contains the requirements specified by the statute, quoted above, but also contains the additional sentence:

"The actual legal relationship between such dealer and transporting agent shall be controlled by contract between them so long as such contract does not violate the provisions of the above acts."

We do not think that the addition of the above quoted sentences in the application and the identification card is authorized by the heretofore mentioned statute. Therefore, in view of Article 118b, supra, it is our opinion that the three proposed forms (both the applications and the identification cards) do not comply with the above mentioned article and are not authorized. It is our further opinion that the identification cards now being used do not comply with the

statute, in that said cards do not show that the licensed dealer, as principal, has appointed the agent named on the card, the holder thereof, to act for and on behalf of said principal, either as a buying agent or as a transporting agent as those terms are defined by the article. Said cards contain the following language:

"THIS CERTIFIES THAT _____ licensed citrus fruit dealer No. _____, as principal, of the State of Texas, has made application for the issuance of identification card to _____ of _____, holder of this card, authorizing him to act as agent for and on behalf of said licensed citrus fruit dealer, in transporting of citrus fruit . . ."

which only shows that the licensed citrus fruit dealer has made application for the issuance of an identification card "to _____ of _____, holder of this card, authorizing him to act as agent for and on behalf of said licensed citrus fruit dealer, in transporting of citrus fruit . . .", and does not show that such agent has actually been appointed as such by said licensed dealer. We think that to comply with the above mentioned statute, the cards should show that the licensed dealer has actually appointed the agent to act for him (the licensed dealer) as agent. We think that the cards should conform with paragraph a, section 12, Article 118b, supra, by complying with all the requirements therein stated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

FEB 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:GO

